# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANA PASCHAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Case No. 07-1017-DWB |
| | ) |
| THE BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE | ) |
| COUNTY OF BUTLER, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the Motion for Summary Judgment (Doc. 33), Memorandum in Support (Doc. 34) and supporting Exhibits (Doc. 35) filed by Defendant Board of County Commissioners of the County of Butler (hereinafter "Defendant"). Plaintiff has responded in opposition (Doc. 38, 39), attaching a full copy of Plaintiff's deposition as an exhibit. Defendant has replied (Doc. 40).

This case arises from a fall, and resultant injury, sustained by Plaintiff Lana Paschal (hereinafter "Plaintiff") on or about February 27, 2006, in the parking lot of the Butler County Detention Facility. Plaintiff brings a premises liability negligence action seeking damages relating to her injury. Defendant contends that it is entitled to summary judgment because (1) the condition of which Plaintiff complains was nothing more than a "slight defect" under Kansas law, and (2)

Plaintiff has no evidence to support certain elements of her premises liability claim.[1]  In her response, Plaintiff argues that summary judgment is inappropriate because (1) she can establish that Defendant knew or should have known of the condition allegedly causing her fall, and (2) the "accumulation of dirt and sand" on which Plaintiff fell "was not insufficient as a matter of law, to support a premises liability/dangerous condition claim against Defendant."  (Doc. 39, at 4-5.)

After a thorough review of the parties' briefing, the case law cited therein, and the exhibits submitted, the Court is prepared to rule.  For the reasons discussed below, the Court is compelled to **GRANT** Defendant's Motion for Summary Judgment.

## UNCONTROVERTED FACTS[2]

On or about February 27, 2006, Plaintiff accompanied her son to the Butler County Detention facility (hereinafter "the facility") after attending Butler County

---

[1] Initially, Defendant included the argument that Plaintiff lacked jurisdiction because she failed to comply with the notice provisions of K.S.A. § 12-105b.  Defendant, in its reply, withdrew this argument based on prior communications in which defense counsel agreed not to assert lack of compliance with this statute as a defense. (Doc. 40, at 1-2.)  The Court's Order, therefore, will not discuss legal or factual issues related to this topic.

[2] Defendant contends that Plaintiff has failed to comply with D. Kan. Rule 56.1(b), which requires, in part, that "[e]ach fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed."  The Court addresses this issue in subsection A of this Order, *infra*,

District Court with him that morning. (Doc. 35-2, at 3.)[3] Plaintiff, who was wearing heeled shoes at the time, parked in a spot near the entrance of the facility. (*Id.*, at 4-6; Doc. 35-3.) Plaintiff's ex-husband, Ed Paschal, was also present, although he had driven separately. (Doc. 35-2, at 5.) Plaintiff, her ex-husband, and their son encountered no problems as they walked from their cars into the facility. (*Id.*, at 4-5.) Plaintiff did, however, notice sand and dirt in the parking lot. (*Id.*, at 5-6.)

Upon arriving at the front of the building, Plaintiff was informed it would be approximately 30 minutes before her son was processed, so she decided to return to her car, taking the same route back. (*Id.*) Again, Plaintiff encountered no trouble walking to her car, but did notice some sand and/or dirt in the parking lot. (*Id.*, at 6-7.) She eventually walked to her ex-husband's automobile to speak with him, traversing the parking lot between their vehicles. (*Id.*, at 7-8.) She stood at the driver's side of the her ex-husband's vehicle and spoke to him through the window. (*Id.*)

Upon finishing their conversation, Plaintiff decided to return to the facility. (*Id.*, at 10.) According to Plaintiff, the heel of her right shoe got caught in "debris"

---

[3] In citing to the exhibits submitted by the parties, the court will cite to the document and page number assigned to the exhibits upon their filing in the CM/ECF system rather than by exhibit number assigned by the parties.

or sand on the parking lot surface, causing her to fall.  (*Id*., at 6, 11; Doc. 35-3.)

Plaintiff used her arm to break her fall, causing it to fracture.  (Doc. 35-2, at 11-

12.)

Plaintiff did not see the sand on which she claims to have fallen before, during, or immediately after her fall.  (*Id*., at 12.)  At the time of the incident, she was not thinking about what had caused her to fall.  (*Id*.)  The next day, she asked her ex-husband if he knew what she had fallen on; he told her that she "fell over the sand." (*Id*., at 13.)  She and her son returned to the parking lot "about a week later" in order "to see if they had cleaned up the mess, which they had not . . ." (*Id*.)

"[A] couple weeks after that" Plaintiff had her son take her "back out there and see if they cleaned that up . . ." (*Id*.)  Even though Plaintiff had not seen what she fell on at the time of the accident, she contends that the debris was "still there," approximately three weeks after the incident at issue, so she took pictures.  (*Id*; Doc. 35-4.)  Plaintiff described the debris as approximately an inch deep at its highest point, round in shape, and smaller than a standard piece of paper (8 ½" by 11").  (*Id*., at 15.)  At that time, she "could tell that it had been there a while . . ." (*Id*.)

Plaintiff has no evidence, witnesses, or first-hand knowledge as to whether

4

the County had placed sand on the parking lot at issue.  (*Id*., at 15.)  Defendant submitted an affidavit by Galen Whitaker, a Captain of the Butler County's Sheriff's Department who was responsible for maintenance of the Butler County Detention Facility, including the parking lot which is involved in this action.  (Doc. 35-5, at 1.)  Whitaker states that employees of the facility perform regular inspections and cleaning of the parking lot.  (*Id.*)  This includes removing trash and debris, as well as cleaning the lot with brooms, shovels, and/or a power washer.  (*Id*.)

Whitaker's affidavit also states that on the date of the incident at issue, February 27, 2006, Defendant had no knowledge of any unusual or dangerous collection of sand or dirt in the facility parking lot.  (*Id*., at 2.)  Further, the affidavit recites that there is no record that the County had spread sand in the facility's parking lot in the months preceding Plaintiff's fall.  (*Id.*)

## **DISCUSSION**

### **A.    Standards for Summary Judgment**.

The usual and primary purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." ***Celotex Corp. v. Catrett,*** 477 U.S. 317, 323-24 (1986).  The Federal Rules of Civil Procedure direct the entry of summary judgment in favor of a party who "show[s] that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." ***Adler v. Wal-Mart Stores, Inc.***, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted).

The moving party initially must show both an absence of a genuine issue of material fact, as well as entitlement to judgment as a matter of law.  *See* ***Adler***, 144 F.3d at 670.  The nature of the showing depends upon whether the movant bears the burden of proof at trial with the particular claim or defense at issue in the motion.  If the nonmoving party bears the burden of proof, the movant need not "support its motion with affidavits or other similar materials <u>negating</u> the opponent's" claims or defenses.  ***Celotex***, 477 U.S. at 323.  Rather, the movant can satisfy its obligation simply by pointing out the absence of evidence on an essential element of the nonmovant's claim.  ***Adler***, 144 F.3d at 671 (citing ***Celotex***, 477 U.S. at 325).  On the other hand, if the movant has the burden of proof on a claim or defense raised in a summary judgment motion, it must show that the undisputed facts establish every element of the claim or defense.  *See, e.g.*, ***United States v. Four Parcels of Real Property***, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc).

Once the moving party properly supports its motion, the burden shifts to the nonmoving party, "who may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir. 1993). In setting forward these specific facts, the nonmovant must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. If the evidence offered in opposition to summary judgment is merely colorable or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 533 (10th Cir. 1994). A party opposing summary judgment "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988). Put simply, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Certain evidentiary rules govern the presentation of facts and evidence in relation to the summary judgment procedure. The parties need not present evidence "in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. For example, hearsay testimony that would be

7

inadmissible at trial may not be included . . . ." ***Thomas v. Int'l Bus. Machines***, 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted). Similarly, the Court will disregard conclusory statements and statements not based on personal knowledge. ***Cole v. Ruidoso Mun. Schs.,*** 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); ***Gross v. Burggraf Constr. Co.***, 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge); ***Tapia v. City of Albuquerque***, 170 Fed.Appx. 529, 533 (10th Cir. 2006) (A nonmovant may not "create a genuine issue of material fact with unsupported, conclusory allegations."). Also, the Court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e). Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1.

Finally there are local procedural rules that govern the briefing of motions for summary judgment. D. Kan. Rule 56.1(a) requires that a memorandum in support of summary judgment

> shall begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies. **All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless**

>       **specifically converted by the statement of the opposing party**.

(Emphasis added). Defendant's memorandum in support of summary judgment complies with the local rule. Defendant has set forth more than five pages of numbered paragraphs containing factual statements supported by citations to the record. (Doc. 34, pg. 1-6.)

D. Kan. Rule 56.1(b) governs memoranda in opposition to summary judgment and states, in relevant part, that an opposing memorandum

>       **shall** begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute **shall** be numbered by paragraph, **shall** refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, **shall** state the number of movant's fact that is disputed.

(Emphasis added). Defendant contends – and the Court agrees – that Plaintiff has failed to comply with D. Kan. Rule 56.1(b). Plaintiff has not identified which of Defendant's factual assertions, if any, she disputes. Because Plaintiff has not specifically controverted the material facts set out by Defendant in its memorandum, those material facts are deemed admitted for the purposes of

summary judgment.  D. Kan. Rule 56.1(a).[4]

In the end, when confronted with a fully briefed motion for summary judgment, the Court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986).  Accordingly, the Court must review the "factual record and reasonable inferences therefrom in the light most favorable to the nonmoving/opposing party."  ***Kidd v. Taos Ski Valley, Inc***., 88 F.3d 848, 851 (10th Cir. 1996); ***Anderson***, 477 U.S. at 255.  If sufficient evidence exists on which a trier of fact could reasonably find for the non-moving party, summary judgment is inappropriate.  ***Prenalta Corp. v. Colorado Interstate Gas Co.***, 944 F.2d 677, 684 (10th Cir. 1991).

**B.    Elements of Plaintiff's Claim**.

The Kansas Supreme Court has held that "[b]efore a landowner may be held liable for an injury resulting from a dangerous condition . . . the plaintiff generally must show that the defendant had actual knowledge of the condition or that the condition had existed for such a length of time that in the exercise of ordinary care

---

[4] The Court notes that Plaintiff's general recitation of facts, while not specifically referencing or disputing Defendant's numbered paragraphs of fact, does not vary materially from Defendant's recitation of what occurred.

the landowner should have known about it." ***Brock v. Richmond-Berea Cemetery Dist.***, 264 Kan. 613, 620, 957 P.2d 505, 511 (1998) (citation omitted). *See also*, ***D.W. v. Bliss***, 279 Kan. 726, 112 P.3d 232 (Kan. 2005); ***True's IGA, LLP v. K&S Oil Co., Inc.,*** 32 Kan.App.2d 602, 85 P.3d 1261 (Kan. Ct. App. 2001). In her Response to the motion for summary judgment, Plaintiff states that she "will establish Defendant created the condition, or Defendant had actual knowledge of the condition, or the condition existed for such a length of time that in the exercise of ordinary care, Defendant should have known about it." (Doc. 38, ¶ 2.)

    1.    <u>Actual Knowledge of the Condition.</u>

In Plaintiff's supporting memorandum, Plaintiff states that "When Plaintiff fell, Defendant knew of the condition." (Doc. 39, at 9.) This single statement, however, is wholly conclusory and speculative in nature, and Plaintiff cites nothing in the record and presents no affidavit or other testimony to support such a conclusory statement. Therefore, Plaintiff has wholly failed to come forward with evidence that Defendant had knowledge of the sand and dirt conditions in the parking lot at the time of Plaintiff's accident, and has wholly failed to controvert Defendant's statements of material fact (Doc. 34, ¶ 20), and the supporting affidavit of Galen Whitaker (Doc. 35-5, ¶ 4), that Defendant had no such knowledge of any sand or dirt condition in the parking lot at the time of Plaintiff's

accident. Plaintiff's conclusory statement, wholly unsupported by any citations to the record, is insufficient to demonstrate that there is a genuine issue of fact on the issue of Defendant's knowledge of the referenced condition at the time of the accident.

    2.    <u>Creation of the Condition.</u>

Nor has Plaintiff come forward with any evidence to indicate that Defendant created the sand and dirt condition in the parking lot. She has not come forward with any evidence to rebut the statements of material fact by Defendant that it had conducted a search to determine whether the county had spread any sand on the detention facility's parking lot in the months preceding the date of the accident, and there is no record or indication that the county had done so. (Doc. 34, at ¶ 21; Affidavit of Galen Whitaker, Doc. 35-5, at ¶ 5.) At the time of her deposition, Plaintiff admitted that she had no proof that the county had treated the parking lot with sand and no witnesses that would so testify. (Doc. 35-2, at 15, Plaintiff's depos. page 78, lines 13-24.) Therefore, any suggestion that Defendant created the sand and dirt condition in the parking lot is nothing more than mere speculation on Plaintiff's part and is not adequate to create a genuine issue of material fact for trial.

    3.    <u>Constructive Knowledge of the Condition.</u>

Because she has not come forward with evidence to show that Defendant either created or had actual knowledge of the allegedly defective condition of the parking lot at the time of the accident, in order to defeat summary judgment, Plaintiff must come forward with evidence to establish a genuine issue of fact as to whether this alleged sand and dirt condition had existed for a sufficient length of time that Defendant is to be charged with constructive knowledge of its existence. ***Brock***, 957 P.2d at 511.  Plaintiff states in her brief that she "can establish that the condition that caused her to fall and suffer a left arm fracture existed for such a length of time that in the exercise of ordinary care, Defendant should have known about it." (Doc. 39, at 4.)  Plaintiff does not, however, offer any admissible evidence as to the condition of the parking lot <u>on the day of, or in the days preceding</u>, her fall.

Plaintiff admits that she did not see the alleged accumulation of dirt and sand before, during, or immediately after her fall.  (Doc. 39, at 3; Doc. 35-2, at 12.)  The only evidence Plaintiff proffers to support the allegation that she fell on an accumulation of dirt and sand in the facility parking lot is that her ex-husband allegedly told her, the day after her injury, that she "fell over the sand." (Doc. 35-2, at 13.)  Plaintiff does not, however, offer the sworn testimony of her ex-husband in support of her memorandum in opposition to summary judgment.  Rather, she

13

merely presents her own deposition testimony describing what her ex-husband allegedly told her.[5]

Unfortunately for Plaintiff, hearsay testimony is inadmissible "in support of, or opposition to, summary judgment." ***Starr v. Pearle Vision, Inc.***, 54 F.3d 1548, 1555 (10th Cir.1995) (noting that "[o]ther circuits have held that a court may not consider hearsay evidence in depositions submitted to defeat summary judgment and the Supreme Court impliedly adheres to this rule"). *See also*, ***Riggs v. AirTran Airways, Inc***., 497 F.3d 1108, 1121 (10th Cir. 2007); ***Thomas v. Int'l Bus. Machines***, 48 F.3d 478, 485 (10th Cir. 1995). Thus, Plaintiff offers no admissible evidence regarding the conditions that allegedly caused her to fall in the facility parking lot on the day in question.

Instead, Plaintiff testified that she returned to the parking lot a week after her fall and again two weeks later (thus, approximately three weeks after her injury). Plaintiff contends that even though she had not previously seen the dirt and sand that allegedly caused her to fall, the same debris was visible on the two subsequent occasions she visited the parking lot. On her second return to the location, Plaintiff

---

[5] Plaintiff states in her brief that Plaintiff's ex-husband has testified in a deposition that the parking lot of the Butler County Detention Facility contained sand and dirt. (Doc. 39 at 10.) However, this is the only reference to any direct testimony of her ex-husband, and no deposition transcript was included as an exhibit to Plaintiff's opposing memorandum. The Court cannot consider any alleged deposition testimony that is not made part of the record.

took pictures, which she contends depict the dirt and sand on which she fell three weeks prior. (Doc. 35-2, at 13; Doc. 35-4.)

Even assuming Plaintiff returned to the exact location where she had fallen, an accumulation of dirt and sand one to three weeks *after* her mishap has no evidentiary value regarding the condition of the parking lot on the day she fell or in the days leading up to her injury. Plaintiff's apparent argument is that since Defendant had not cleaned the parking lot in the three weeks following her accident, one could therefore assume that they did not regularly maintain the parking lot before the accident, and that the debris which she claims was present on the day of her accident must have been in place for some time prior to her fall, meaning that Defendant should be found to have constructive notice of that condition. This "after-the-fact" supposition, however is wholly conjectural and speculative. Plaintiff has proffered no evidence to establish that Defendant, exercising reasonable care, should have known of the existence of any "dangerous condition"[6] that caused her fall and resulting injury prior to the time of her accident. Rather, she is relying solely on her conclusory allegations in an effort to

---

[6] Because Plaintiff has failed to establish this essential element of her claim, it is unnecessary for the Court to make a determination as to whether the sand and dirt as described by Plaintiff constitutes a "dangerous condition" or whether it would fall under the "slight defect rule" as contended by Defendant. Likewise, it is unnecessary to decide whether the "slight defect rule" should be applied to parking lots as well as sidewalks.

15

create a factual issue as to whether Defendant reasonably should have known of the dangerous condition that caused her injury.  This is improper.  *Tapia*, 170 Fed.Appx. at 533 (holding that a party may not "create a genuine issue of material fact with unsupported, conclusory allegations").  As such, Plaintiff cannot meet her burden of proof regarding an essential element of her premises liability claim.  Summary judgment is, therefore, mandated.

## **CONCLUSION**

The Court finds that Defendant has met its burden under Fed. R. Civ. P. 56(c) to show that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law.  Plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED**.

Dated at Wichita, Kansas, on this 5th day of September, 2008.

  s/ DONALD W. BOSTWICK
 DONALD W. BOSTWICK
 United States Magistrate Judge